IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELVIRA R. MARIANO; ALEJANDRO B. MARIANO, JR.; and ESTATE OF CRISOSTOMO R. RAGUINE, deceased, | ) ) ) ) ) | CIVIL NO. 15-00087 SOM/BMK ORDER DENYING DEFENDANTS' BANK OF HAWAII, PETER HO, RAECHELLE HESTER, SUI LUM, AND MITZI A. LEE'S MOTION TO DISMISS COMPLAINT AND JEROME ADARNA'S JOINDER THEREIN; |
| Plaintiffs, vs. | ) ) ) ) | |
| BANK OF HAWAII; PETER HO; RICK MURPHY; RAECHELLE HESTER; SUN LUM; MITZI A. LEE; LORRIN A. KAU; JEROME ADARNA; DEPARTMENT OF COMMERCE; el al. | ) ) ) ) ) ) ) | ORDER GRANTING DEFENDANT LORRIN A. KAU'S MOTION TO DISMISS COMPLAINT; ORDER GRANTING DEFENDANT DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS MOTION TO |
| Defendants. _____ | ) ) ) ) ) ) | DISMISS; ORDER DENYING PLAINTIFF ELVIRA R. MARIANO'S MOTION FOR SUMMARY JUDGMENT |

**ORDER DENYING DEFENDANTS' BANK OF HAWAII, PETER HO, RAECHELLE HESTER, SUI LUM, AND MITZI A. LEE'S MOTION TO DISMISS COMPLAINT AND JEROME ADARNA'S JOINDER THEREIN; ORDER GRANTING DEFENDANT LORRIN A. KAU'S MOTION TO DISMISS COMPLAINT; ORDER GRANTING DEFENDANT DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS MOTION TO DISMISS; ORDER DENYING PLAINTIFF ELVIRA R. MARIANO'S MOTION FOR SUMMARY JUDGMENT**

I.    INTRODUCTION.

Plaintiffs Elvira R. Mariano, her husband Alejandro B. Mariano, Jr., and the Estate of Crisostomo R. Raguine, deceased, have filed a Complaint against various Defendants arising out of a state-court action that resulted in the foreclosure of the mortgage on their home. Plaintiffs name as Defendants: 1) Bank of Hawaii; 2) its President, Peter Ho; 3) its former Vice President, Rick Murphy; 4) two of its employees, Raechelle Hester

and Sui Lum; 5) its attorney, Mitzi A. Lee; 6) the court-appointed foreclosure commissioner, Lorrin A. Kau, 7) the purchaser of their home at the public auction, Jerome Adarna; and 8) the State of Hawaii Department of Commerce and Consumer Affairs.  See ECF No. 1.

Before the court are a number of motions.  Pursuant to Local Rule 7.2(d), the court decides these motions without a hearing.

On June 11, 2015, Defendants Bank of Hawaii, Peter Ho, Raechelle Hester, Sui Lum, and Mitzi A. Lee (collectively, "Bank of Hawaii") moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.[1]  See ECF No. 18.  On June 22, 2015, Defendant Jerome Adarna filed a Joinder in Bank of Hawaii's motion to dismiss.  See ECF No. 25.  The court denies the motion and joinder, as special counsel for Alejandro Mariano has clarified that federal claims are being asserted that provide this court with subject matter jurisdiction.[2]

---

[1] Defendant Rick Murphy has been dismissed from this case given a lack of service.  See ECF No. 62.

[2] This court earlier raised concerns about Elvira Mariano's attempt to represent her husband, Alejandro Mariano.  The court thanks Gregory W. Kugle, E. Kumau Pineda-Akiona, and Loren A. Seehase, of Damon Key Leong Kupchak Hastert, who now represent Alejandro Mariano on a pro bono basis for the limited purpose of filing a memorandum as to whether he is asserting any federal claim in the Complaint.  Given the filing of a memorandum regarding the court's federal question jurisdiction, the court discharges them from any further obligation in this case,

On June 15, 2015, Defendant Lorrin A. Kau moved to dismiss Plaintiffs' Complaint, arguing that it fails to state a claim upon which relief can be granted. See ECF No. 22. The court grants the motion, as the Complaint lacks any factual allegations of wrongdoing on Kau's part.

On August 20, 2015, Defendant Department of Commerce and Consumer Affairs filed a motion to dismiss. See ECF No. 48. That motion is granted, as the Rooker-Feldman doctrine bars this court from reviewing the state-court foreclosure judgments and orders. Additionally, the Complaint lacks any factual allegations of wrongdoing on the part of the Department of Commerce and Consumer Affairs.

On June 28, 2015, Plaintiff Elvira Mariano filed a response to the motions to dismiss. See ECF No. 28. She also attached her own motion for summary judgment to her response, arguing that the foreclosure was wrongful. See ECF No. 28-1. That motion is denied. As noted above, she may not seek to have this court review the state-court foreclosure proceedings.

## II.       FACTUAL BACKGROUND.

Although Plaintiffs' Complaint is unclear, the court has gleaned from it the gist of what Plaintiffs say has occurred.

---

although the Clerk of Court is directed to include them among the persons served with this order.

Plaintiffs purchased real property in Aiea, Hawaii, which they financed through a loan from Bank of Hawaii. The loan was secured by a mortgage on the property. See ECF No. 1, PageID # 2. Plaintiffs lived in the home for close to two decades. See id., PageID #s 6-7.

In 2009, Plaintiffs requested a loan modification from Bank of Hawaii. See id., PageID # 3. Bank of Hawaii agreed to temporarily modify the loan, reducing the amount of Plaintiffs' monthly mortgage payments for a period of one year. See id. In June, 2010, Plaintiffs requested a permanent loan modification, which Bank of Hawaii denied. See id.

In April 2011, Plaintiffs received a letter from Bank of Hawaii, demanding immediate payment of the remaining balance of their loan of $237,327.87, because Plaintiffs had allegedly defaulted on their mortgage payments. See id., PageID # 15. The court takes judicial notice of an action in state court in which Bank of Hawaii, represented by its attorney, Defendant Mitzi A. Lee, sued Plaintiffs and sought to foreclose Bank of Hawaii's mortgage liens and security interests on Plaintiffs' home. See Bank of Hawaii v. Mariano, Civil No. 11-1-0994-05. The state court determined that Bank of Hawaii was entitled to foreclose on the mortgage, ordered that the home be sold, and appointed Defendant Lorrin Kau as the court's foreclosure commissioner to sell the home. See ECF No. 22-3, PageID #s 120-24.

With respect to the foreclosure proceedings and/or the loan modification request, Plaintiffs sought assistance from Bank of Hawaii's President, Defendant Peter Ho; its Vice President, Defendant Rick Murphy; and one of its employees, Defendant Sui Lum.  See ECF No. 1, PageID # 4.  Plaintiffs were directed to contact Bank of Hawaii's attorney.  See id.

Plaintiffs then contacted Defendant Department of Commerce and Consumer Affairs to lodge a complaint against Bank of Hawaii.  See id.  Eventually, the home was sold at a public foreclosure auction to Defendant Jerome Adarna.  See id., PageID # 12.

On March 19, 2013, Plaintiffs were evicted from their home.  Elvira Mariano's father, Crisostomo R. Raguine, lived with the Marianos and was home at the time of the eviction.  He was transported to Pali Momi Medical Center in a state of shock.  See id., PageID # 8.  Raguine passed away on November 13, 2013.  See id., PageID # 9; ECF No. 1-1, PageID # 14 (Certificate of Death).

Plaintiffs allege that Bank of Hawaii discriminated against them because of Alejandro Mariano's schizophrenia.  See ECF No. 1, PageID # 8.  Bank of Hawaii allegedly knew Alejandro Mariano was disabled because Plaintiffs allegedly told Bank of Hawaii that Alejandro Mariano received Social Security disability payments.  Id.  Plaintiffs allege that Bank of Hawaii treated

5

them differently from other applicants for loan modifications. Id.

**III.     STANDARD.**

The motions raise arguments under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. Thornhill Publ'g Co. v. Gen, Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. Thornhill, 594 F.2d at 733.

When presented with a motion to dismiss under Rule 12(b)(6), a court's review of the sufficiency of a complaint is

generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

8

**IV.     ANALYSIS.**

    **A.  Elvira R. Mariano May Not Represent the Estate of Crisostomo R. Raguine.**

In the Complaint, Plaintiff Elvira R. Mariano purports to be representing the Estate of her father, Crisostomo R. Raguine, who passed away on November 13, 2013. See ECF No. 1, PageID # 1; ECF No. 1-1, PageID # 14.  However, Elvira R. Mariano is not an attorney.  A non-attorney "may appear in propria persona in his [or her] own behalf[,]" but "has no authority to appear as an attorney for others." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  Accordingly, Elvira R. Mariano may not represent the Estate of Crisostomo R. Raguine. See Sutton v. Llewellyn, 288 Fed App'x 411, 413 (9th Cir. 2008) (citing C.E. Pope Equity Trust, 818 F.2d at 697) (holding that nonattorney appellants lacked standing to prosecute action pro se on behalf of decedent's estate).

Because the estate is not represented by an attorney, and because Mariano may not represent the estate, the court gives the estate until February 29, 2016, to have an attorney make an appearance in this case.  By that date, the attorney must submit a document indicating that the attorney is accepting and adopting the Complaint with respect to the estate.  Alternatively, the attorney may reject the Complaint with respect to the estate and ask that the estate be dismissed without prejudice, or may move to amend the Complaint if all other Plaintiffs are in agreement.

If the court does not get a timely notice of appearance or motion by an attorney representing the estate, the estate will automatically be dismissed from this action, without prejudice to the estate's seeking of such other relief as it may otherwise be entitled by law to pursue in a permissible manner.

### B.   Bank of Hawaii's Motion to Dismiss is Denied.

On June 11, 2015, Bank of Hawaii filed a motion to dismiss the Complaint, arguing that this court lacks subject matter jurisdiction.  See ECF No. 18.  Defendant Adarna joined in the motion.  See ECF No. 25.  The entire motion is based on the argument that there is a lack of complete diversity under 28 U.S.C. § 1332.  The court agrees that diversity jurisdiction is lacking.

In relevant part, diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332.  A natural person's state citizenship is "determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For this court to exercise diversity jurisdiction, there must be complete diversity between the parties.  That is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant.

See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  This court lacks diversity jurisdiction when even one defendant and one plaintiff share the same citizenship.  See id.

Plaintiffs are Hawaii citizens.  They owned and lived in their Aiea, Hawaii, home for close to two decades.  See ECF No. 1, PageID # 2.

Defendant Bank of Hawaii is also a Hawaii citizen.  A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  See Hertz Corp v. Friend, 559 U.S. 77, 92-93 (2010).  Bank of Hawaii was incorporated in the State of Hawaii.  See ECF No. 18-2, PageID # 96.  In addition, Bank of Hawaii's principal place of business is in Hawaii.  See id.

Even if this court were to hold that Bank of Hawaii is not a citizen of Hawaii, complete diversity of citizenship still does not exist because Defendants Sui Fun Lum and Jerome Adarna are also citizens of Hawaii.  See ECF No. 18-3, PageID #s 97-98; ECF No. 25-2, PageID #s 138-39.  Accordingly, this court lacks diversity jurisdiction over Plaintiffs' claims.

The lack of diversity jurisdiction does not, by itself, establish that this court lacks subject matter jurisdiction, as this court may also exercise jurisdiction over claims arising under federal law.  See 11 U.S.C. § 1331.  In a filing of November 20, 2015, special counsel for Alejandro Mariano clarified that the Complaint is seeking to assert claims under the Fair Housing Act, 42 U.S.C. § 3605, and under the Equal Credit Opportunity Act, 15 U.S.C. § 1691.  The assertion of these federal claims is sufficient to establish this courts' subject matter jurisdiction.  The court assumes for now that Elvira Mariano is similarly asserting those federal claims.

In its Reply, Bank of Hawaii argues that claims under the Fair Housing Act and the Equal Credit Opportunity Act are time-barred.  Those arguments were understandably not raised before the filing of the Reply.  Relying on Local Rule 7.4, and seeking to proceed fairly, this court does not address the timeliness argument in this order.  Bank of Hawaii and Adarna may raise that matter in a future motion.

The court denies Bank of Hawaii's motion to dismiss and Adarna's joinder therein.  Within 14 days of this order, Bank of Hawaii and Adarna must either file an Answer to the Complaint or file another motion based on the newly established understanding that the Complaint is asserting claims under the Fair Housing Act and the Equal Credit Opportunity Act.

### C. Defendant Lorrin Kau's Motion to Dismiss is Granted.

On June 15, 2015, Defendant Lorrin Kau filed his Motion to Dismiss. Kau argues that the Complaint fails to assert any claim against him and that, even if it did, he would have quasi-judicial immunity for his actions as court-appointed commissioner to sell Plaintiffs' property at auction. See ECF No. 22-1.

The Complaint does not assert any viable claim against Kau. At most, it states, "Lorrin A. Kau, as an individual, a commissioner, also in affiliation for the FORCED-SALE to our home." ECF No. 1, PageID # 11. In other words, the Complaint alleges only that Kau sold the property as the court-appointed commissioner of a court-ordered foreclosure sale. This is insufficient to allege any wrongdoing on the part of Kau.

Because the Complaint does not assert a viable claim with respect to Kau, the court need not reach his argument that he would have quasi-judicial immunity from any such claim.

### D. Defendant Department of Commerce and Consumer Affairs' Motion to Dismiss is Granted.

On August 20, 2015, Defendant Department of Commerce and Consumer Affairs filed a Motion to Dismiss, arguing that the Rooker-Feldman doctrine bars Plaintiffs' request to have this court review the state-court foreclosure judgment and that no viable claim was asserted against it. See ECF No. 48.

13

Defendant Department of Commerce and Consumer Affairs correctly argues that Plaintiffs may not seek to have this court review the state-court foreclosure proceedings under the guise of trying to hold the Department of Commerce and Consumer Affairs liable for having failed to prevent the foreclosure in this matter. Any attempt to appeal the state-court foreclosure orders and judgments to this court violates the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Under the Rooker-Feldman doctrine, federal courts are divested of jurisdiction to conduct a direct review of state-court judgments even when a federal question is presented. See Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998. Accord Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts." (footnote omitted)). Thus, jurisdiction is lacking even if a state court's decision is challenged as

14

unconstitutional.  Feldman, 460 U.S. at 486; Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.  This is true even when the challenge to a state court decision involves federal constitutional issues." (citations omitted)).  Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the Supreme Court.  See Feldman, 460 U.S. 482-483; Bennett, 140 F.3d at 1223 (noting that the rationale behind the Rooker-Feldman doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

To the extent the Complaint seeks to hold the Department of Commerce and Consumer Affairs liable for some other claim, the Department of Commerce and Consumer Affairs also correctly argues that the Complaint fails to allege a viable cause of action against it.  At most, the Complaint alludes to the Department's alleged failure to regulate Bank of Hawaii.  See ECF No. 1, PageID # 11.  But no facts are alleged or legal theory discussed under which Plaintiffs can state a claim against the Department.  The Complaint itself alleges that the state court oversaw the foreclosure proceedings.  No facts are alleged

15

establishing any duty on the part of the Department to have somehow directed the state-court foreclosure proceedings.

### E. Elvira Mariano's Motion for Summary Judgment is Denied.

On June 17, 2015, Elvira Mariano filed a Motion for Summary Judgment. Although her motion is not entirely clear, it appears to be based on the argument that the state-court foreclosure proceeding was improper because Plaintiffs had complied with the terms of the loan modification and/or should have received a permanent loan modification. See ECF No. 28-2. As discussed above, the Rooker-Feldman doctrine prevents this court from reviewing state-court judgments. Elvira Mariano's motion seeks to have this court review the state-court foreclosure proceedings and declare the state-court judgment null and void, which this court cannot do. Accordingly, Elvira Mariano's motion is denied.

### V. CONCLUSION.

The court denies the Motion to Dismiss filed by Defendants Bank of Hawaii, Peter Ho, Raechelle Hester, Sui Lum, and Mitzi A. Lee and the joinder therein filed by Jerome Adarna. However the court grants the Motions to Dismiss filed by Defendants Lorrin A. Kau and Department of Commerce and Consumer Affairs. The court also denies Plaintiff Elvira Mariano's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 22, 2016.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Mariano, et al. v. Bank of Hawaii, et al., Civil No. 15-00087 SOM/BMK; ORDER DENYING DEFENDANTS' BANK OF HAWAII, PETER HO, RAECHELLE HESTER, SUI LUM, AND MITZI A. LEE'S MOTION TO DISMISS COMPLAINT AND JEROME ADARNA'S JOINDER THEREIN; ORDER GRANTING DEFENDANT LORRIN A. KAU'S MOTION TO DISMISS COMPLAINT; ORDER GRANTING DEFENDANT DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS MOTION TO DISMISS; ORDER DENYING PLAINTIFF ELVIRA R. MARIANO'S MOTION FOR SUMMARY JUDGMENT