IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELVIRA R. MARIANO; ALEJANDRO B. MARIANO, JR.; and ESTATE OF CRISOSTOMO R. RAGUINE, deceased,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BANK OF HAWAII; PETER HO; RICK MURPHY; RAECHELLE HESTER; SUN LUM; MITZI A. LEE; LORRIN A. KAU; JEROME ADARNA; DEPARTMENT OF COMMERCE; el al.<br><br>      Defendants. | CIVIL NO. 15-00087 SOM/BMK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BANK OF HAWAII, PETER HO, RAECHELLE HESTER, SUI LUM, AND MITZI A. LEE'S MOTION TO DISMISS COMPLAINT AND JEROME ADARNA'S JOINDER THEREIN;<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ALL REMAINING CLAIMS |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BANK OF HAWAII, PETER HO, RAECHELLE HESTER, SUI LUM, AND MITZI A. LEE'S MOTION TO DISMISS COMPLAINT AND JEROME ADARNA'S JOINDER THEREIN; ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ALL REMAINING CLAIMS**

**I.     INTRODUCTION.**

Plaintiffs Elvira R. Mariano, her husband Alejandro B. Mariano, Jr., and the Estate of Crisostomo R. Raguine, deceased, filed a Complaint against various Defendants arising out of a state-court action that resulted in the foreclosure of the mortgage on their home.  Plaintiffs name as Defendants: 1) Bank of Hawaii; 2) its President, Peter Ho; 3) its former Vice President, Rick Murphy; 4) two of its employees, Raechelle Hester and Sui Lum; 5) its attorney, Mitzi A. Lee; 6) the court-

appointed foreclosure commissioner, Lorrin A. Kau, 7) the purchaser of their home at the public auction, Jerome Adarna; and 8) the State of Hawaii Department of Commerce and Consumer Affairs. See ECF No. 1.

In the summer of 2015, Defendants filed a number of motions seeking dismissal of the Complaint. The court appointed counsel to represent Alejandro Mariano on a pro bono basis for the limited purpose of filing a memorandum as to whether he is asserting any federal claim in the Complaint. On November 20, 2015, counsel for Alejandro Mariano filed a memorandum in opposition to a motion to dismiss for lack of subject matter jurisdiction, identifying two federal question claims asserted in the Complaint: 1) a violation of the Fair Housing Act, 42 U.S.C. § 3605(a), prohibiting discrimination on the basis of handicap with respect to residential real estate transactions; and 2) a violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691, prohibiting discrimination in loan transactions on the basis of an applicant receiving public assistance.

On January 22, 2016, the court granted motions to dismiss filed by Lorrin A. Kau and the Department of Commerce & Consumer Affairs. See ECF No. 68. The court denied a motion to dismiss for lack of subject matter jurisdiction filed by Defendants Bank of Hawaii, Peter Ho, Raechelle Hester, Sui Lum, and Mitzi A. Lee (collectively, "Bank of Hawaii"), agreeing that

diversity jurisdiction was lacking, but ruling that the motion had not addressed the claims identified by Alejandro Mariano's counsel after the motion was filed.  The court gave Bank of Hawaii leave to file another motion that took into account Alejandro Mariano's identification of claims.  Id.  On February 3, 2016, Bank of Hawaii filed such a motion.  See ECF No. 71.  Defendant Jerome Adarna filed a Joinder in Bank of Hawaii's motion to dismiss.  See ECF No. 73.

Pursuant to Local Rule 7.2(d), the court declines to hold a hearing on the present motion.  Although Plaintiffs did not file any document that clearly opposed the motion, they did file an "Additional Statements of Facts, Testimony & Other Information" on May 6, 2016.  The court has reviewed that document and has determined that the federal claims asserted in the Complaint are barred by the applicable statutes of limitations.  Accordingly, the court dismisses the federal question claims.  Having dismissed the claims providing the court with subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state-law claims asserted in this action.

**II.        FACTUAL BACKGROUND.**

Although Plaintiffs' Complaint is unclear, the court has gleaned from it the gist of what Plaintiffs say has occurred.

Plaintiffs purchased real property in Aiea, Hawaii, which they financed through a loan from Bank of Hawaii. The loan was secured by a mortgage on the property. See ECF No. 1, PageID # 2. Plaintiffs lived in the home for close to two decades. See id., PageID #s 6-7.

In 2009, Plaintiffs requested a loan modification from Bank of Hawaii. See id., PageID # 3. Bank of Hawaii agreed to temporarily modify the loan, reducing the amount of Plaintiffs' monthly mortgage payments. See id. In June 2010, Plaintiffs requested a permanent loan modification. See id. Rather than approve the permanent loan modification, Bank of Hawaii initiated foreclosure proceedings in state court in May 2011. Id.

The court takes judicial notice of an action in state court in which Bank of Hawaii, represented by its attorney, Defendant Mitzi A. Lee, sued Plaintiffs and sought to foreclose Bank of Hawaii's mortgage liens on and security interests in Plaintiffs' home. See Bank of Hawaii v. Mariano, Civil No. 11-1-0994-05. The state court determined that Bank of Hawaii was entitled to foreclose on the mortgage, ordered that the home be sold, and appointed Defendant Lorrin Kau as the court's foreclosure commissioner to sell the home. See ECF No. 22-3, PageID #s 120-24. Defendant Jerome Adarna purchased the home at a foreclosure auction. See ECF No. 1, PageID #s 8, 11.

Plaintiffs claim that Bank of Hawaii discriminated against them with respect to their permanent loan modification application "based on [their] social status because of the Nature of [Alejandro Mariano's] disability when [Elvira Mariano] reported to them that [her] husband is schizophrenic, and also . . . for receiving social security disability income." ECF No. 1, PageID # 8.  Plaintiffs say that this discrimination was the reason Bank of Hawaii filed the state-court foreclosure action in May 2011.  Id.; see also ECF No. 61, PageID # 308 (clarifying the federal question claims asserted in the Complaint).

**III.     STANDARD.**

The standard for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure was set forth in the court's order of January 22, 2016.  See ECF No. 68, PageID #s 357-58.  That standard is incorporated herein by reference.

**IV.      ANALYSIS.**

This court earlier ruled that it lacks diversity jurisdiction over the claims asserted in the Complaint, but also ruled that the court has subject matter jurisdiction over the claims based on federal question jurisdiction, leaving for further adjudication whether viable federal question claims are asserted in the Complaint.  See ECF No. 68, PageID #s 361-62.

Bank of Hawaii has moved to dismiss the only federal question claims asserted in the Complaint on statute of

limitations grounds.  This court agrees that, on the face of the Complaint, the allegations demonstrate that the applicable statutes of limitations bar the federal question claims.  The court therefore dismisses the federal claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2009).  Because the court dismisses the claims based on the applicable statutes of limitations, the court does not reach the issue of whether, absent the time bar, Plaintiffs' assertions would state any viable federal claim.  To the extent any state-law claims remain, the court declines to exercise supplemental jurisdiction over them.

### A. The Fair Housing Act Claim is Time-Barred.

In his filing of November 20, 2015, Alejandro Mariano identifies two claims that he is asserting that arise under federal law.  See ECF No. 61, PageID # 312.  In the first, Alejandro Mariano asserts that Bank of Hawaii discriminated against him on the basis of his handicap (schizophrenia) with respect to a residential real estate transaction, in violation of 42 U.S.C. § 3605(a).  Id.  Section 3605(a) states:

> It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

6

Id.

Under § 3613(a)(1)(A), any civil action must be brought "not later than 2 years after the occurrence . . . of an allegedly discriminatory housing practice." See Garcia v. Brockway, 526 F.3d 456, 461 (9th Cir. 2008) ("an aggrieved person must bring the lawsuit within two years of either 'the occurrence . . . of an alleged discriminatory housing practice'" (quoting 42 U.S.C. § 3613(a)(1)(A))).

Alejandro Mariano says that Bank of Hawaii discriminated against him with respect to the loan modification process. He claims that, because of his schizophrenia, Bank of Hawaii filed the state-court foreclosure Complaint in May 2011, rather than complete the loan modification process. See ECF No. 1, PageID #s 3, 8. Given that claim, the two-year limitations period began to run on his Fair Housing Act claim in May 2011. Because the Complaint was not filed until March 19, 2015, the claim is barred by the two-year limitations period unless it is equitably tolled. See Garcia, 526 F.3d at 465. In responding to the motion to dismiss, Plaintiffs point to no allegations or circumstances that would justify equitably tolling the limitations period. Alejandro Mariano's Fair Housing Act claim is therefore time-barred. Dismissal of the Fair Housing Act claim is proper because Plaintiffs can prove no set of facts

establishing the timeliness of the claim.  See Von Saher, 592 F.3d at 969.

In dismissing the Fair Housing Act claim based on the applicable limitations period, the court does not rule on whether Mariano, but for the time bar, has asserted a viable Fair Housing Act claim.  Instead, the court rules only that any possible claim was asserted too late.

### B. The Equal Credit Opportunity Act Claim is Time-Barred.

Alejandro Mariano also asserts a claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, which prohibits discrimination in loan transactions on the basis of an applicant's receipt of public assistance.  Under § 1691(a)(2), it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because all or part of the applicant's income derives from any public assistance program."  Alejandro Mariano claims that Bank of Hawaii discriminated against him in the loan modification process because Alejandro Mariano receives social security disability benefits.  Mariano says that the reason the bank initiated foreclosure proceedings in state court in May 2011 instead of proceeding with a permanent loan modification was that he was receiving federal financial assistance.  See ECF No. 1, PageID #s 3, 8.

Under 15 U.S.C. § 1691e(f), claims for violations of §§ 1691 to 1691f are subject to a two-year statute of limitations. See also Ramsdell v. Bowles, 64 F.3d 5, 9 (1st Cir. 1995) (applying two-year statute of limitations to bar claims). Like Plaintiffs' Fair Housing Act claim, the Equal Credit Opportunity Act claim was not timely asserted.  The Equal Credit Opportunity Act claim accrued at the latest in May 2011, when Bank of Hawaii filed the state-court foreclosure action rather than approving a permanent loan modification.  Because the Complaint was not filed until March 19, 2015, and because Plaintiffs point to no allegations or circumstances that might equitably toll the limitations period, the Equal Credit Opportunity Act claim is time-barred.  Dismissal of the Equal Credit Opportunity Act claim is proper because Plaintiffs can prove no set of facts establishing the timeliness of the claim. See Von Saher, 592 F.3d at 969.

In dismissing the Equal Credit Opportunity Act claim on limitations grounds, the court does not reach the merits of that claim, ruling only that any possible claim is untimely.

**V.     THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE-LAW CLAIMS.**

Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." Brady v. Brown, 51 F.3d

9

810, 816 (9th Cir. 1995) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)); see also 28 U.S.C. § 1367.  This court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right.  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997); United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966); Maltzman v. Friedman, 103 F.3d 139 (9th Cir. 1996) ("the doctrine of supplemental jurisdiction is a flexible one, giving a district court the power to exercise supplemental jurisdiction over a claim and the discretion whether to exercise such jurisdiction").  When, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  Gibbs, 383 U.S. at 726.  Although the Supreme Court later noted that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it also recognized that, "in the usual case in which all federal-law

claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)

        Because all of Plaintiffs' federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over their remaining state-law claims.

**VI.        CONCLUSION.**

        The court grants in part and denies in part the Rule 12(b)(6) motion to dismiss filed by Defendants Bank of Hawaii, Peter Ho, Raechelle Hester, Sui Lum, and Mitzi A. Lee and the joinder therein filed by Jerome Adarna.  The court dismisses the Fair Housing Act and Equal Credit Opportunity Act claims on statute of limitations grounds.  Because all claims providing this court with federal question subject matter jurisdiction have been dismissed, the court declines to exercise supplemental jurisdiction over the remaining state-law claims.  Those claims are dismissed without prejudice to their being asserted in state court.  In referring to the reassertion of state-law claims in state court, this court is not suggesting that the state claims are valid or timely.  With respect to the timeliness of reasserting the state-law claims dismissed by the present order,

this court points Plaintiffs to 28 U.S.C. § 1367, which (assuming there is no other time bar such as an already expired limitations period) provides that the limitations period "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 13, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Mariano, et al. v. Bank of Hawaii, et al., Civil No. 15-00087 SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BANK OF HAWAII, PETER HO, RAECHELLE HESTER, SUI LUM, AND MITZI A. LEE'S MOTION TO DISMISS COMPLAINT AND JEROME ADARNA'S JOINDER THEREIN; ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ALL REMAINING CLAIMS